[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the plaintiff's motion to compel compliance with a notice of deposition. The plaintiff asks the court to order the deponent, Robert W. Green, Esquire, to answer deposition questions with respect to his drafting of an intervivos trust for George Edward Morgan. At issue therefore, is the applicability of the attorney-client privilege.
This action, brought by Martha Morgan, the administratrix with the will annexed of the Estate of George Edward Morgan, deceased ("decedent') against Walter Pendleton III, trustee of the George Edward Morgan Trust (the "Trust") and Walter Pendleton III, individually, alleges that the decedent was not of sound mind when the Trust was executed, and that the defendant Pendleton exerted undue influence upon him to sign the Trust and to sign a CT Page 3975 quit-claim deed of certain property to the Trust. The plaintiff also alleges that Pendleton altered the quit-claim deed subsequent to its execution and failed to properly account for assets and income of the Trust. The suit seeks, inter alia, a decree declaring the Trust and the quit-claim deed to be void and of no effect.
Although the decedent was a California resident, he owned at least two parcels of land in Greenwich, Connecticut which were the subject of the quit-claim deed to the Trust. Although he had a lawyer in California, the Trust was drawn by Mr. Green, a Stamford attorney, who was apparently selected by Pendleton. Mr. Green never met the decedent, nor had in fact ever talked to him. There was no written retainer agreement or any written communication between them. All communication between the decedent and the attorney was done verbally through Pendleton, a former client of Mr. Green. Mr. Green was paid for his services by a check drawn on the Trust and signed by Pendleton. Pendleton was granted a durable power of attorney to act for the decedent by a document dated May 23, 1995. The plaintiff, in her capacity as administratrix, purported to waive in writing by affidavit dated October 4, 1999 any attorney-client privilege existing between the decedent and Mr. Green.
The plaintiff claims that the court should order Mr. Green to answer all questions posed at his deposition because (1) no attorney-client relationship has been shown to exist; (2) if an attorney client privilege existed, it has been properly waived and; (3) the attorney-client privilege is not applicable to the facts of this case.
Although the relationship between Mr. Green and the decedent seems to the court rather unorthodox, for the purposes of this motion the court finds that Mr. Green was acting as the decedent's lawyer in the drafting of the Trust. However, the court finds that this case presents an exception to the attorney-client privilege.[1]
"Except as otherwise required by the constitution of the United States, the constitution of this state, the General Statutes or the Practice Book, privileges shall be governed by the principles of the common law." Connecticut Code of Evidence § 5-1. "In Connecticut, the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as CT Page 3976 well as the giving of information to the lawyer to enable counsel to give sound and informed advice. . . . It is undisputed that the privilege was created to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observation of law and administration of justice. . . . Exceptions to the attorney-client privilege should be made only when the reason for disclosure outweighs the potential chilling of essential communications." (Citations omitted; internal quotation marks omitted.) Metropolitan Life Ins. Co. v. Aetna Casualty and SuretyCo., 249 Conn. 36, 52, 730 A.2d 51 (1999). The attorney-client privilege is "strictly construed because it tends to prevent a full disclosure of the truth in court." (Internal quotation marks omitted.) Ullmann v. State, 230 Conn. 698, 710, 647 A.2d 324
(1994).
The attorney-client privilege survives the death of the client. See Swidler Berlin v. United States, 524 U.S. 399,118 S.Ct. 2081, 141 L.Ed.2d 379, 388 (1998); Doyle v. Reeves,112 Conn. 521, 524, 152 A. 882 (1931). However, "[u]nless otherwise provided by statute, communications, by a client to the attorney who drafted his will, in respect to that document and transactions between them leading up to its execution are not privileged, after the client's death, in a suit between devisees under the will and heirs at law, or other parties who all claim under him." Id., 525.
There does not appear to be any Connecticut or other case law discussing the applicability of the attorney-client privilege to a decedent's creation of an inter vivos trust. However, there is much authority for the proposition that communications between a decedent and attorney related to transactions prior to death are admissible to determine the decedent's wishes when a dispute arises between people who claim a right to the decedent's former property. For example, McCormick notes that the "doctrine that the privilege is ineffective, on whatever ground, when both litigants claim under the deceased client has been applied to suits by the heirs or representatives to set aside a conveyance by the deceased for mental incapacity and to suits for the enforcement of a contract made by the deceased to make a will in favor of the plaintiff." 1 C. McCormick, Evidence (5th Ed. 1999) § 94, p. 379. In addition, certain cases have permitted attorney testimony concerning actions prior to the death of a decedent to determine the decedent's wishes. See Lamb v. Lamb, 124 Ill. App.3d 687,464 N.E.2d 873, 878 (1984) (permitting attorney to CT Page 3977 testify when several devisees sought to set aside a deed to one devisee because of alleged undue influence); Tanner v. Farmer,414 P.2d 340, 343 (Or. 1966) (permitting attorney testimony as to intent of decedent when she made a gift of $10,000 to grandnephew two days prior to her death; attorney testified that he assisted with the preparation of a divorce and will that would deny her husband any right to her property).[2]
While the attorney-client privilege is defined by the common law in Connecticut, there is statutory authority in several states exempting attorney testimony from the attorney-client privilege when there is a dispute between parties claiming a right to the former property of a decedent. Rule 502(d) of the Uniform Laws Annotated (2000) provides in relevant part: "There is no privilege under this rule: . . . As to a communication relevant to an issue between the parties who claim through the same deceased client, regardless of whether the claims are by testate or intestate succession or by transaction inter vivos." (Emphasis added.) Many states have adopted language similar to the Uniform Laws Annotated abrogating the attorney-client privilege for inter vivos transactions including Alaska, Arkansas, Delaware, Maine, Nebraska, New Hampshire, North Dakota, Oklahoma, Oregon, Vermont, and Wisconsin. See 13A Uniform Laws Annotated (2000) Rule 502, pp. 149-59. In addition, the New York Civil Practice Law and Rules § 4503(b) provides: "In any action involving the probate, validity or construction of a will, an attorney or his employee shall be required to disclose information as to the preparation, execution or revocation of any will or other relevant instrument, but he shall not be allowed to disclose any communication privileged under subdivision (a) which would tend to disgrace the memory of the decedent." (Emphasis added.)
The court concludes that Connecticut law permits testimony from a decedent's attorney concerning the creation of an inter vivos
trust when the decedent dies and there is a dispute among people who claim an interest in his former property. The Connecticut Supreme Court has stated that "[e]xceptions to the attorney-client privilege should be made only when the reason for disclosure outweighs the potential chilling of essential communications." Metropolitan Life Ins. Co. v. Aetna Casualty andSurety Co., supra, 249 Conn. 52. Already, Connecticut has found it sufficiently important to permit disclosure of communications concerning wills subsequent to death. It is unlikely that an exception to the attorney-client privilege in this case would CT Page 3978 discourage "full and frank communications between attorneys and their clients." Id.
The reason for the exception to the privilege is succinctly stated in Doyle v. Reeves, 112 Conn. 521, 152 A. 882 (1931). "The principal reason is that the general rule is designed for the protection of the client, and it is deemed not for the interest of the testator, in a controversy between the parties all of whom claim under him, to have those declarations and transactions excluded which promote a proper fulfillment of his will" Id., 525.
In this case, the decedent had executed a will some eight years prior to the inter vivos trust under attack. Clearly, the validity of the Trust will have a bearing on which property passes through his Estate under his will, and of course, to different beneficiaries. This is a suit, then, "between devisees under the decedent's will and . . . . other parties who claim under him." Doyle v. Reeves, supra, 112 Conn. 525. There is no reason in this case to have the decedent's declarations and transactions excluded which promote a proper fulfillment of his intentions concerning the disposition of his entire estate. Indeed with the significance of the use of the inter vivos trust in estate planning today, the reason for abrogating the attorney-client privilege subsequent to the death of the decedent applies with equal force for both wills and inter vivos trusts.
Accordingly, the plaintiff's motion to compel compliance is granted, and the deponent, Robert W. Green, Esquire, is ordered to appear at the recommencement of his deposition and to answer all questions put to him in regard to this suit, not otherwise objectionable. The plaintiff's request for an award of costs of this motion and reasonable attorney's fees is denied.
So Ordered.
D'ANDREA, J.